UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
DAVID MCGLYNN,

                      Plaintiff,

-against-

THE COOLS, INC.,

                      Defendant.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 3520 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff David McGlynn commenced this action on April 21, 2019 against Defendant The Cools, Inc. for copyright infringement. (Compl., ECF No. 1.) The Clerk of Court entered a certificate of default on July 3, 2020 (Clerk's Cert. of Default, ECF No. 9.) On December 3, 2019, Plaintiff filed a motion for default judgment against Defendant, (*See* Notice of Mot., ECF No. 14). Defendant did not file a response to Plaintiff's submission. Before this Court is Magistrate Judge Debra C. Freeman's July 1, 2020 Report and Recommendation (the "Report"), recommending that (1) Plaintiff's motion for default judgment against Defendants be granted; (2) Plaintiff be awarded $5,000 in statutory damages; (3) Plaintiff be awarded $400 in costs; and (4) provided that Plaintiff's counsel confirms that his proffered summary of his work was based on contemporaneous billing records, Plaintiff be awarded $1,512.50 in attorney's fees. (Report, ECF No. 26, at 25–26.) Magistrate Judge Freeman also recommended that should Plaintiff's counsel not submit this confirmation within the objection period, the request for attorney's fees be denied. (*Id.* at 23.) As of the date of this Memorandum Decision and Order, Plaintiff's counsel has not submitted any filings on the docket indicating from where he obtained his summary of the work he allegedly completed. Magistrate Judge Freeman advised the parties that failure to file

timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 26.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. LEGAL STANDARD

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## II. THE REPORT IS ADOPTED

### A. The Motion for Default Judgment is Granted.

Magistrate Judge Freeman correctly found that Plaintiff's motion for default judgment should be granted given that Plaintiff has satisfied all the prerequisites to default judgment. (Report at 10–11.) Accordingly, this Court directs the entry of default judgment in favor of Plaintiff and against Defendant.

### B. Magistrate Judge Freeman's Recommendation Regarding Statutory Damages is Adopted.

Magistrate Judge Freeman correctly concluded that while Plaintiff is entitled to statutory damages on his default motion, because Plaintiff provided no evidence, he is not entitled to the entire $30,000.00 that he requests. (*Id.* at 12–16.) Magistrate Judge Freeman correctly noted that in similar circumstances and in cases in which Richard Liebowitz has acted as Plaintiff's counsel, courts within this Circuit have issued statutory damages in the amount of $5,000.00. (*Id.* at 13–16.) Magistrate Judge Freeman therefore did not err in similarly finding that without *any evidence whatsoever* in support of his alleged damages, Plaintiff is entitled to only $5,000.00.

### C. The Request for Attorney's Fees is Denied.

Magistrate Judge Freeman conducted a comprehensive and careful inquest and recommended that this Court grant a lesser amount in attorney's fees than Plaintiff's attorney requested. (*Id.* at 16–25.) She appropriately noted, however, that Plaintiff's counsel is required to submit evidence that his summary of the work he allegedly completed was based on "contemporaneous time records." (*Id.* at 8, 22–23.) Specifically, Magistrate Judge Freeman stated:

> Although this Court will . . . proceed to examine the reasonableness of the hours included in [Plaintiff's counsel's] chart, I recommend that he be required to submit to the Court either a sworn affidavit or a declaration made under penalty of perjury, prior to the conclusion of the 14-day objection period, confirming that his time was,

in fact, contemporaneously recorded (and this his summary chart reflects that recorded time), and I further recommend that, if no such affidavit or declaration is filed, then the request for fees be denied.

(*Id.* at 23.)  This Court finds no error, clear or otherwise, in Magistrate Judge Freeman's determination that this evidence was necessary. The 14-day objection period concluded on July 15, 2020, and as of the date of this Memorandum Decision and Order, Plaintiff's counsel has submitted no such evidence. Therefore, this Court adopts Magistrate Judge Freeman's recommendation, and finds that Plaintiff's attorney is not entitled to a separate award of attorney's fees.

### D. Magistrate Judge Freeman's Recommendation Regarding Attorney's Costs is Adopted.

Magistrate Judge Freeman correctly found that although Plaintiff has submitted no back-up support for any requested costs, a court may take judicial notice of costs that are reflected on the docket. (*Id.* at 25.) She therefore appropriately concluded that Plaintiff be awarded $400.00 in attorney's costs, comprised of the filing fee as reflected on the docket, but not the undocumented requested $40 process-server fee. (*Id.*)

### III.   CONCLUSION

Magistrate Judge Freeman's Report, (ECF No. 26), is ADOPTED. Defendant is ordered to pay Plaintiff $5,000.00 in damages and $400.00 in costs. Additionally, Plaintiff's request for attorney's fees is DENIED.

Dated: New York, New York
September 15, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4